IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **CAROL MCGREW,**<br><br>        Plaintiff,<br><br>v.<br><br>**HOWMEDICA OSTEONICS CORP.,**<br><br>        Defendant. | Case No.:   3:14-cv-430<br><br>Judge:   Hon. Staci M. Yandle |

## DEFENDANT HOWMEDICA OSTEONICS CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INITIAL REQUESTS FOR CASE SPECIFIC INFORMATION (REQUESTS FOR ADMISSIONS)

**TO:**    James G. O'Brien, Esq.
    Zoll, Kranz & Borgess, LLC
    6620 W. Central Ave., Suite 100
    Toledo, OH 43617

Pursuant to Federal Rules of Civil Procedure 36, Defendant Howmedica Osteonics Corp. (HOC), by its attorneys Gibbons P.C. and Heplerbroom LLC, hereby responds to Plaintiff's First Request for Case Specific Information (Requests for Admissions) as set forth below.

Dated:  August 10, 2015

By:   /s/ W. Jason Rankin
    **W. Jason Rankin, Esq.**
    HEPLERBROOM LLC - EDWARDSVILLE
    130 North Main Street
    P.O. Box 510
    Edwardsville, IL 62025

    **Paul E. Asfendis, Esq.**
    GIBBONS P.C.
    One Pennsylvania Plaza, 37th Floor
    New York, New York 10119
    *Attorneys for Defendant*
    *Howmedica Osteonics Corp.*

## RESERVATION OF RIGHTS

HOC does not waive or intend to waive, by reason of its responses and expressly preserves:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of its responses and the subject matter thereof as evidence for any purposes in any proceeding in this action (including the trial of this action) and any other actions; and

2. HOC's right to object to the use of any such responses, or the subject matter thereof, on any ground in any proceeding in this action (including the trial of this action) and any other actions.

In the event that any responses and/or documents fall within the attorney-client privilege and/or protection for work product or materials prepared in anticipation of litigation or for trial, HOC shall not be deemed to have waived its privilege or protections as to any such response or the right to assert the above-mentioned privilege and/or protections as to any other matter which arises during the course of this litigation or any subsequent proceeding.

## OBJECTION REGARDING SCOPE OF DISCOVERY

Inasmuch as Plaintiff's Complaint involves an investigational device which was the subject of a clinical trial pursuant to an Investigational Device Exemption ("IDE"), Plaintiff's claims are preempted by the MDA pursuant to *Riegel v. Medtronic, Inc.*, 128 S. Ct. 999 (2008), and cases which have extended MDA preemption to investigational devices. HOC's responses are subject to and without waiver of HOC's objection based on federal preemption and dismissal.

## RESPONSES AND OBJECTIONS

I.      *Device Manufacturing*

**First Request to Admit**

If, in response to the Second Request to Produce, **you** elect to produce call reports in an agreed upon format, admit those reports are authentic and are business records **you** kept in the ordinary course of **your** business.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

HOC objects to this request for admission on the ground that it is improper under the Federal Rules of Civil Procedure and is hypothetical and premature. Additionally, Plaintiff must attach the record in question to a proper request for authentication.

II.     *Communication of adverse events to the Washington University Medical Center study site*

**Second Request to Admit**

Admit **you** were aware of **adverse events**, whether or not **related to** Carol McGrew, that **you** did not report to **the Washington University Medical Center study site** or to any study investigator associated with that **study site**.

**RESPONSE TO REQUEST TO ADMIT NO. 2:**

HOC objects to this request to admit on the ground that the term "aware" is vague and ambiguous. HOC further objects to this request to admit on the ground that the request is unduly broad, not reasonably calculated to lead to the discovery of admissible evidence and it exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure. Additionally, it is not limited to a relevant time period, nor is it limited to events involving Plaintiff Carol McGrew. Subject to and without waiving the foregoing objections, HOC denies the request and further

states that HOC complied with its reporting obligations under the applicable laws and study protocols approved by the federal Food and Drug Administration ("FDA").

**Third Request to Admit**

Admit **you** were aware of **adverse device effects**, whether or not **related to** Carol McGrew, that **you** did not report to **the Washington University Medical Center study site** or to any study investigator associated with that **study site**.

**RESPONSE TO REQUEST TO ADMIT NO. 3:**

HOC objects to this request to admit on the ground that the term "aware" is vague and ambiguous. HOC further objects to this request on the ground that "adverse device effect" was not a term identified in the CerviCore IDE study protocol in the context of evaluating potential adverse effects and thus is vague and ambiguous. HOC further objects to this request to admit on the ground that the request is unduly broad, not reasonably calculated to lead to the discovery of admissible evidence and it exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure. Additionally, it is not limited to a relevant time period, nor is it limited to Plaintiff Carol McGrew. Subject to and without waiving the foregoing objections, HOC denies the request and further states that HOC complied with its reporting obligations under the applicable laws and study protocols approved by the FDA.

**Fourth Request to Admit**

Admit **you** were aware of **serious adverse events**, whether or not **related to** Carol McGrew, that **you** did not report to **the Washington University Medical Center study site** or to any study investigator associated with that **study site**.

4

**RESPONSE TO REQUEST TO ADMIT NO. 4:**

HOC objects to this request to admit on the ground that the term "aware" is vague and ambiguous. HOC further objects to this request to admit on the ground that the request is unduly broad, not reasonably calculated to lead to the discovery of admissible evidence and it exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure. Additionally, it is not limited to a relevant time period, nor is it limited to Plaintiff Carol McGrew. Subject to and without waiving the foregoing objections, HOC denies the request and further states that HOC complied with its reporting obligations under the applicable laws and study protocols approved by the FDA.

**Fifth Request to Admit**

Admit **you** were aware of **unanticipated serious adverse device effects**, whether or not **related to** Carol McGrew, that **you** did not report to **the Washington University Medical Center study site** or to any study investigator associated with that **study site**.

**RESPONSE TO REQUEST TO ADMIT NO. 5:**

HOC objects to this request to admit on the ground that the term "aware" is vague and ambiguous. HOC further objects to this request on the ground that "unanticipated serious adverse device effects" was not a term identified in the study protocol in the context of evaluating potential adverse effects. HOC further objects to this request to admit on the ground that the request is unduly broad, not reasonably calculated to lead to the discovery of admissible evidence and it exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure. Additionally, it is not limited to a relevant time period, nor is it limited to Plaintiff Carol McGrew. Subject to and without waiving the foregoing objections, HOC denies the request and further states that HOC complied with its reporting obligations under the applicable laws and study protocols approved by the FDA.

III. *Adverse events, Adverse Device Effects, Serious Adverse Events, and Unanticipated Serious Adverse Device Effects*

**Sixth Request to Admit**

Admit **you** were aware of one or more **adverse events related to** Carol McGrew.

**RESPONSE TO REQUEST TO ADMIT NO. 6:**

HOC objects to this request to admit on the ground that the term "aware" is vague, ambiguous, and unduly broad. Subject to and without waiving the foregoing objections, HOC states that Carol McGrew's patient file contains documents pertaining to one or more adverse events related to Carol McGrew, and further responding, states that HOC complied with its reporting obligations under the applicable laws and study protocols approved by the FDA.

**Seventh Request to Admit**

Admit **you** did not report every **adverse event related to** Carol McGrew to the FDA.

**RESPONSE TO REQUEST TO ADMIT NO. 7:**

HOC denies the request and further states that HOC complied with its reporting obligations under the applicable laws and study protocols approved by the FDA.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the counsel of record through operation of the Court's electronic CM/ECF system on this 11th day of August, 2015.

The foregoing also was served, by agreement, on Plaintiff's counsel on August 10, 2015, via E-mail and First Class Mail.

/s/ W. Jason Rankin
W. Jason Rankin